MEHLOS, Appellant, vs. CITY OF MILWAUKEE and others, Respondents.

*March 4—March 23, 1915.*

*Law of the case: Former appeal: Validity of municipal ordinance.*

Upon appeal from a judgment dismissing an action wherein the validity of a municipal ordinance was attacked, the same questions being presented as on a former appeal from an order dissolving a temporary injunction, and no new grounds being urged for holding the ordinance invalid, the judgment is affirmed.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

The appeal is from a judgment dismissing the plaintiff's complaint.

The cause was submitted for the appellant on the brief of *Rubin, Fawcett & Dutcher,* attorneys, and *W. B. Rubin* and *Sol. J. Weil,* of counsel, and for the respondents on that of *Daniel W. Hoan,* city attorney, and *E. L. McIntyre,* assistant city attorney.

SIEBECKER, J.    This appeal from the judgment dismissing the action involves the identical questions presented to this court on the former appeal from an order dissolving a temporary injunction in the action.    It appears from the record that after the *remittitur* from this court had been received in the circuit court the cause was brought to trial and was submitted to the circuit court upon the pleadings and affidavits and the records and files embraced in the proceedings involved in the former appeal to this court, without any additional evidence being offered.    The trial court in determining the issues presented by such records and proceedings made the following findings of fact:

"1. That the said ordinance is a valid ordinance of the said city of *Milwaukee.*

"2. That the place and premises of the plaintiff are lawfully subject to the provisions of the said ordinance, and that his place and premises are a place and premises that come within the provisions of the said ordinance, and that the said place of the plaintiff cannot be used for the purposes of giving public dances, as defined in the said ordinance, excepting only when duly authorized by the permits, licenses, and authorizations provided for in the said ordinance.

"3. That no such permit, license, or authorization has been obtained by the plaintiff under the terms of the said ordinance.

"4. That the effect of the said ordinance is such that it does not deny to the plaintiff the equal protection of the laws under the provisions of the XIVth amendment of the constitution of the United States.

"5. That the effect of the said ordinance is such that it does not take the property of the plaintiff without due process of law, within the meaning of that provision of the constitution of the United States.

"6. That plaintiff's lease of said premises has been extended two years, and he occupies the premises under it."

And determined the case upon the following conclusions of law:

"1. That the plaintiff is not denied the equal protection of the laws by the enforcement of the said ordinance, nor is his property taken by such enforcement without due process of law.

"2. That the said ordinance is valid and in full force and effect.

"3. That the plaintiff's cause herein is without merit and he is entitled to no relief herein against the defendants or any of them.

"4. That the complaint of the plaintiff and this action should be dismissed upon the merits and with costs against the plaintiff in favor of the defendants."

The court thereupon entered judgment dismissing the action and for recovery of defendants' costs.

The case on the former appeal is reported in 156 Wis. 591, 146 N. W. 882. The ordinance in question is there set out

in full and need not be repeated here. The grounds of the decision on the issues raised in the action are amply elaborated in the opinion filed by this court on the former appeal. The present appeal presents no different issues from those which were then considered and determined, nor are there any additional or new grounds urged for reversal of the determination of this court sustaining the ordinance as a valid police regulation. We do not deem that further discussion of the case is required and refer to the former opinion of this court as the basis for affirmance of the judgment now appealed from.

*By the Court.*—The judgment appealed from is affirmed.